UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LEE McCULLOM,

       Plaintiff,

    v.

NANCY O'MALLEY, et. al.,

       Defendants.

Case No.  16-cv-0899-TEH

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Dkt Nos. 6, 15

    Plaintiff, a detainee, filed this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis in a separate order.  His complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.[1]  Plaintiff has also filed a motion for the Court to take jurisdiction and a motion for a temporary restraining order.

I

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

---

[1] The Court will review his complaint and supplemental complaint. Docket Nos. 5, 7.

defendant who is immune from such relief."  Id. § 1915A(b).
Pleadings filed by pro se litigants, however, must be liberally
construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010);
Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.
1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must
allege two essential elements:  (1) that a right secured by the
Constitution or laws of the United States was violated, and (2)
that the alleged violation was committed by a person acting under
the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff alleges that several district attorneys and public
defenders are conspiring to have him prosecuted.

Under principles of comity and federalism, a federal court
should not interfere with ongoing state criminal proceedings by
granting injunctive or declaratory relief absent extraordinary
circumstances.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).
Federal courts should not enjoin pending state criminal
prosecutions absent a showing of the state's bad faith or
harassment, or a showing that the statute challenged is
"flagrantly and patently violative of express constitutional
prohibitions."  Younger, 401 U.S. at 46, 53-54 (cost, anxiety and
inconvenience of criminal defense not kind of special
circumstances or irreparable harm that would justify federal
court intervention; statute must be unconstitutional in every
"clause, sentence and paragraph, and in whatever manner" it is
applied).

United States District Court
Northern District of California

Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, see Mockaitis v. Harcleroad, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing Younger, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, see Gibson v. Berryhill, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. See Hirsh v. Justices of the Supreme Court of Cal., 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted).

A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). But prosecutors are entitled only to qualified immunity when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). It matters not that the public defender failed to exercise independent judgment or that he was

3

United States District Court
Northern District of California

employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County. <u>Miranda v. Clark County, Nevada</u>, 319 F.3d 465, 468 (9th Cir. 2003).

Action under color of state law can be found if a plaintiff can plead and prove facts which show that the public defender conspired with state officials. <u>See</u> <u>Tower v. Glover</u>, 467 U.S. 914, 919-20 (1984).

Plaintiff names as defendants several district attorneys and public defenders and alleges that they are corrupt and are engaged in a conspiracy to prosecute him. He contends that the evidence against him in the criminal prosecution is fabricated and planted. Plaintiff seeks the defendants to be arrested, his criminal case to be suspended, to be released from jail and compensation of four million dollars.

The complaint is dismissed with leave to amend. To obtain Court intervention, Plaintiff must discuss why <u>Younger</u> abstention is not appropriate. To obtain money damages Plaintiff must present sufficient facts showing that Defendants are not entitled to immunity. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its

face." <u>Id</u>. at 570. The United States Supreme Court has explained the "plausible on its face" standard of <u>Twombly</u>: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).

## III

Plaintiff has also filed a motion (Docket No. 6) for the Court to assume jurisdiction of the state case. Plaintiff may be seeking removal pursuant to Title 28 U.S.C. § 1443 which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place where it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States or within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. A petition for removal pursuant to § 1443 must comply with several procedural requirements. Specifically, a petitioner is required to file a short and plain statement of the ground for removal with a copy off all process, pleadings and orders. <u>See</u> 28 U.S.C. § 1455(a). Absent good cause, a

petitioner must file the petition within thirty days after his arraignment or at any time before trial, whichever is earlier. § 1455(b)(1).

To remove a case under § 1443, a petitioner must meet a two-pronged test. First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also Davis v. Superior Court of California, 464 F.2d 1272 (9th Cir. 1972) (removal of state prosecution to federal court under § 1443 is specific and extremely narrow; claims must relate to statutes explicitly protecting equal racial civil rights). Second, it must appear that the removal petitioner is denied or cannot enforce the specified federal right in the state courts. See Johnson, 421 U.S. at 219; Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986). If Plaintiff seeks removal he should file a separate action in the Court addressing the standards discussed above.

Plaintiff has also filed a motion for a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"

United States District Court
Northern District of California

6

1   Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)

2   (quoting Winter, 555 U.S. at 20).

3       To show irreparable harm, the "plaintiff must show that he

4   is under threat of suffering 'injury in fact' that is concrete

5   and particularized; the threat must be actual and imminent, not

6   conjectural or hypothetical; it must be fairly traceable to the

7   challenged action of the defendant; and it must be likely that a

8   favorable judicial decision will prevent or redress the injury."

9   Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (citing

10  Friends of Earth, Inc. v. Laidlaw Environmental Servs. (TOC),

11  Inc., 528 U.S. 167, 180-181 (2000)).  In sum, an injunction "may

12  only be awarded upon a clear showing that the plaintiff is

13  entitled to relief."  Winter, 555 U.S. at 22.

14      Plaintiff's motion for a preliminary injunction repeats the

15  same allegations of the complaint.  For the same reasons above,

16  Plaintiff has failed to demonstrate that he is likely to suffer

17  irreparable harm or that he is likely to succeed on the merits.

18  The motion is denied.

19                              IV

20      For the foregoing reasons, the Court hereby orders as

21  follows:

22      1.  Plaintiff's motions (Docket Nos. 6, 15) are DENIED for

23  the reasons discussed above.

24      2.  Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A

25  FIRST AMENDED COMPLAINT, within twenty-eight days containing all

26  related claims against all Defendants that Plaintiff wishes to

27  proceed against in this action.  The pleading must state clearly

28  how each and every Defendant is alleged to have violated

United States District Court
Northern District of California

7

Plaintiff's federally-protected rights.  See Leer, 844 F.2d at 634.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page.  Plaintiff is advised that he must file all of his claims in one complaint and not present them piecemeal to the Court in various letters and other documents. Failure to file a proper First Amended Complaint within twenty-eight days of this order will result in the dismissal of this action.

3. Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings. Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  See Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

4. It is Plaintiff's responsibility to prosecute this action.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal

1   of this action for failure to prosecute pursuant to Federal Rule

2   of Civil Procedure 41(b).

3        IT IS SO ORDERED.

4   Dated:  5/2/2016

5

6                                   THELTON E. HENDERSON
                                    United States District Judge

7   G:\PRO-SE\TEH\CR.16\McCullom0899.dwlta.docx