UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LEE McCULLOM,

    Plaintiff,

  v.

NANCY O'MALLEY, et. al.,

    Defendants.

Case No. 16-cv-0899-TEH

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Plaintiff, a detainee, filed this pro se civil rights action under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and Plaintiff has filed a first amended complaint.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff alleges that a superior court judge, several district attorneys and various public defenders are conspiring to have him and other African-Americans prosecuted.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." Younger, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied).

Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, see Mockaitis v.

Harcleroad, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing Younger, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, see Gibson v. Berryhill, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. See Hirsh v. Justices of the Supreme Court of Cal., 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted).

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). But prosecutors are entitled only to qualified immunity when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining

witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County. Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003).

Action under color of state law can be found if a plaintiff can plead and prove facts which show that the public defender conspired with state officials. See Tower v. Glover, 467 U.S. 914, 919-20 (1984).

Plaintiff names as defendants a superior court judge, several district attorneys and public defenders and alleges that they are corrupt and are engaged in a conspiracy to prosecute him and others due to their race. The original complaint was dismissed with leave to amend for Plaintiff to address Younger abstention and immunity as discussed above.

The amended complaint is approximately 150 handwritten pages and discussed many topics including a conspiracy of the judges, district attorneys, and public defenders to prosecute African American defendants. Plaintiff has failed, pursuant to Fed. R. Civ. P. 8(a)(2), to provide "a short and plain statement of the claim showing that the pleader is entitled to relief...." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir.1995) (amended complaint with vague and scanty allegations fails to satisfy the notice

4

requirement of Rule 8.)  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir.1996).  Plaintiff's complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." McHenry, 84 F.3d at 1179-80.

The amended complaint is dismissed with leave to amend to present a more concise set of allegations and facts.  <u>A second amended complaint must be no longer than 40 pages including exhibits.</u>

Plaintiff should be clear about the relief he seeks and he is informed that the Court cannot initiate a criminal prosecution of defendants.

### III

For the foregoing reasons, the Court hereby orders as follows:

1.  Plaintiff's Amended Complaint is DISMISSED WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT, within twenty-eight days containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action.  The pleading must state clearly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  See Leer, 844 F.2d at 634.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED SECOND AMENDED COMPLAINT on the first page.  <u>The Second Amended Complaint must be no longer than 40 pages including exhibits.</u>

1  Plaintiff is advised that he must file all of his claims in one
2  complaint and not present them piecemeal to the Court in various
3  letters and other documents.  Failure to file a proper Second
4  Amended Complaint within twenty-eight days of this order will
5  result in the dismissal of this action.

6  　　　2. Plaintiff is advised that the Second Amended Complaint
7  will supersede the original Complaint and all other pleadings.
8  Claims and defendants not included in the First Amended Complaint
9  will not be considered by the Court.  See <u>Lacey v. Maricopa
10 County</u>, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims
11 dismissed with prejudice and without leave to amend, we will not
12 require that they be repled in a subsequent amended complaint to
13 preserve them for appeal. But for any claims voluntarily
14 dismissed, we will consider those claims to be waived if not
15 repled.").

16 　　　3. It is Plaintiff's responsibility to prosecute this
17 action.  Plaintiff must keep the Court informed of any change of
18 address by filing a separate paper with the Clerk headed "Notice
19 of Change of Address," and must comply with the Court's orders in
20 a timely fashion.  Failure to do so may result in the dismissal
21 of this action for failure to prosecute pursuant to Federal Rule
22 of Civil Procedure 41(b).

23 　　　IT IS SO ORDERED.

24 Dated: 6/15/2016

25

26 　　　　　　　　　　　　　　　　THELTON E. HENDERSON
　　　　　　　　　　　　　　　　　United States District Judge

27 G:\PRO-SE\TEH\CR.16\McCullom0899.dwlta2.docx

28