UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LEE McCULLOM,

    Plaintiff,

  v.

NANCY O'MALLEY, et. al.,

    Defendants.

Case No.  16-cv-0899-TEH

ORDER OF DISMISSAL

Plaintiff, a detainee, filed this pro se civil rights action under 42 U.S.C. § 1983. The first amended complaint was dismissed with leave to amend and Plaintiff has filed a second amended complaint.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff alleges that a superior court judge, several district attorneys and various public defenders are conspiring to have him and other African-Americans prosecuted.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." Younger, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied).

Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, see Mockaitis v.

Harcleroad, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing Younger, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, see Gibson v. Berryhill, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. See Hirsh v. Justices of the Supreme Court of Cal., 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted).

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). But prosecutors are entitled only to qualified immunity when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining

3

witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County. Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003).

Action under color of state law can be found if a plaintiff can plead and prove facts which show that the public defender conspired with state officials. See Tower v. Glover, 467 U.S. 914, 919-20 (1984).

Plaintiff names as defendants a superior court judge, several district attorneys and public defenders and alleges that they are corrupt and are engaged in a conspiracy to prosecute him and others due to their race. He seeks injunctive relief and money damages. The prior complaints were dismissed with leave to amend for Plaintiff to address Younger abstention and immunity as discussed above.

Plaintiff has failed to cure the deficiencies in the second amended complaint that existed in his prior complaints. He has failed to demonstrate extraordinary circumstances to warrant intervention. Moreover, Plaintiff states that he has now been convicted. Complaint at 4. If Plaintiff has been convicted then his claims are foreclosed by Heck v. Humphrey, 512 U.S. 477 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that

the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck, 512 U.S. at 486-87.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id. at 487.

Nor has Plaintiff sufficiently shown that Defendants are not entitled to immunity based on the legal standards above.  For all these reasons, this action is dismissed.  Because Plaintiff has already been provided several opportunities to amend and because further amendment would be futile, this case is dismissed with prejudice.

### III

For the foregoing reasons, the Court hereby orders as follows:

1. This action is DISMISSED with prejudice.
2. The Clerk shall close this case.

IT IS SO ORDERED.

Dated: 8/18/2016

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.16\McCullom0899.dis.docx